IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ARTHUR BOSTICK, SR., LILLIE BOSTICK,
AND SHELLY DOWNING,                                           PLAINTIFFS,

VS.                                              CIVIL ACTION NO. 2:06CV168-P-A

CITY OF HORN LAKE, ET AL.,                                    DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Defendants Steve Steward, Kyle Hodge, Shea Wright, and Tim Wood's Motion for Summary Judgment and for Qualified Immunity [36]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

The plaintiffs filed the instant action on October 5, 2006 seeking compensatory and punitive damages against the City of Horn Lake, Mississippi and fifteen law enforcement officers in their individual and official capacities for allegedly conducting an unreasonable search and seizure at their residence in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

On or about March 22, 2006 a Municipal Court Judge of the City of Horn Lake issued a search warrant to search the premises described as 6764 Allen Drive, Horn Lake, Mississippi 38637 including all out-building on said property. The application for the search warrant alleged that the place described was occupied by Minor Bostick, William Pruitt, and/or others unknown. According to the plaintiff, there were two residences located at 6764 Allen Drive: the "red brick house" in which Arthur Bostick, Sr., Lillie Bostick, and Shelly Downing lived; and the "white house" in which Minor Bostick, the plaintiffs' son, lived. The plaintiffs allege that when the officers executed the

1

search warrant on 6764 Allen Drive, they burst into their home (the red brick house) "in the dead of night, without warning, pulled Arthur Bostick Sr. out of bed, assaulted and battered the plaintiffs and threw all of the defendants on the floor, and caused the [plaintiffs] severe and permanent personal injuries and emotional distress as well as medical expenses and the loss of the enjoyments and pleasures of life all past, present and future." Complaint at ¶ 6. The plaintiffs argue that the defendants knew or should have known that Minor Bostick did not live in red brick house, but rather in the white house, and that the plaintiffs were not the persons described in the warrant.

The plaintiffs' allegations in support of their § 1983 claim include: (1) that the defendants, jointly and severally, failed to properly ascertain the proper dwelling upon which to execute the warrant when such information was known or could have been reasonably ascertained resulting in an unreasonable search of the plaintiffs' residence; (2) that the defendants denied the plaintiffs due process and equal protection of the law in the execution of the warrant and in conducting the unreasonable search which included assault and battery; (3) that Defendant City of Horn Lake "empowered, deputized, and authorized" fourteen of the individual defendants (including the four movants in the instant motion) to conduct the unreasonable search; and (4) that all defendants conspired together in violation of 42 U.S.C. § 3 to conduct an unreasonable search depriving the plaintiffs of equal protection under the laws.

Defendants Steve Steward, Kyle Hodge, Shea Wright, and Tim Wood filed the instant motion for summary judgment arguing that the plaintiffs' claims against them in particular should be dismissed with prejudice pursuant to Fed. R. Civ. P. 56 and/or the doctrine of qualified immunity because none of them, as police officers of the Southaven Police Department, were present during the subject search of the red brick house. The defendants point out that the search warrant was issued

by a judge from the City of Horn Lake and was executed by eleven Horn Lake police officers, none of whom included the movants who are Southaven police officers. These movants argue that the evidence is uncontradicted that none of them were present at the subject search and that therefore none of them could have participated in the complained of behavior, including participation in any conspiracy to conduct an unreasonable search.

In response, the plaintiffs allege that movant Kyle Hodge of the Southaven Police Department initiated the investigation of Minor Bostick and that therefore Hodge should have known that Minor lived in the white house and not the red brick house. The plaintiffs state further that the initial disclosures provided by the City of Horn Lake indicate that the movants were involved from the beginning stages of the investigation of Minor Bostick until after the search warrant was executed and Detective May's narrative indicates that all of the movants assisted in "processing the scene," referring to the collection of evidence resulting from the search of Minor Bostick's residence which occurred on the same evening. However, the plaintiffs also concede in their brief and affidavits that they are not familiar with the defendants and cannot state who was present in their home and who was not.

In response to the movants' motion to stay discovery pending this court's decision on the instant motion, the plaintiffs also argue that they need additional discovery to ascertain whether the movants were present during the search. On July 25, 2007, however, the court granted the movants' motion to stay discovery pending its decision on their motion for summary judgment.

The movants reply that movants' alleged participation in the investigation of Minor Bostick is irrelevant to the plaintiffs' claims because those claims are based upon the manner and method of the execution of the search warrant on the red brick house and the evidence is uncontradicted that

3

the movants were not present during the search. The movants argue that whether they participated in "processing the scene" at Minor Bostick's residence is irrelevant to the plaintiffs' claims because Minor Bostick's residence was the white house, not the red brick house which is the subject of the plaintiffs' claims. In response to the plaintiffs' argument that the movants' affidavits are not "uncontradicted," the movants argue that each of their affidavits are uncontradicted by the plaintiffs' affidavits, each of which concede that "I do not know the identity of any of the persons who entered our home the night the search warrant was executed."

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

4

on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue

must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Qualified Immunity**

Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law. 42 U.S.C. § 1983.

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). When "evaluating § 1983 claims based on allegedly unconstitutional conduct by state actors [courts] should conduct a two-prong inquiry to determine whether the state actors are entitled to qualified immunity. 'The first inquiry must be whether a constitutional right would have been violated on the facts alleged.' 'If a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established.' Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon*, 305 F.3d at 322-323 (citing *Siegert v. Gilley*, 500 U.S. 226, 232-34 (1991); *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

Qualified immunity is an "*immunity from suit* rather than a mere defense to liability." *Michell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, "the defense is intended to give government officials a right not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery ... as [i]nquiries of this kind can be peculiarly disruptive of effective government." *McClendon*, 305 F.3d at 323 (internal citations omitted) (quoting *Harlow v.*

6

*Fitzgerald*, 457 U.S. 800, 817 (1982)). Therefore, "adjudication of qualified immunity claims should occur 'at the earliest possible stage in litigation.'" *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). At a stage earlier than summary judgment, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective reasonableness.' On summary judgment, however, the plaintiff can no longer rest on the pleadings ... and the court looks to the evidence before it (in the light most favorable to the plaintiff) when conducting the *Harlow* inquiry." *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

Though the plaintiffs in the instant case allege a constitutional violation – *i.e.*, unreasonable search in violation of the Fourth and Fourteenth Amendments – they have not produced any evidence that the movants acted in an objectively unreasonable manner given that the plaintiffs have no evidence contradicting the movants' averments that none of them were present or otherwise participated in the search of the red brick house in which the plaintiffs lived. In fact, the plaintiffs admit that they do not know the identity of the officers who were present at the subject search.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the plaintiffs have not met their burden in demonstrating the inapplicability of the movants' motion for summary judgment based on qualified immunity. Therefore, Defendants Steve Steward, Kyle Hodge, Shea Wright, and Tim Wood's Motion for Summary Judgment and for Qualified Immunity [36] should be granted and the plaintiffs' claims against them should be dismissed with prejudice. Accordingly, a Partial Final Judgment shall issue forthwith,

**THIS DAY** of August 8, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE