**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

ARTHUR BOSTICK, SR., LILLIE BOSTICK,
AND SHELLY DOWNING,                                    PLAINTIFFS,

VS.                                                 CIVIL ACTION NO. 2:06CV168-P-A

CITY OF HORN LAKE, ET AL.,                                           DEFENDANTS.

## MEMORANDUM OPINION

These matters come before the court upon the remaining individual defendants' joint motion for summary judgment based on qualified immunity [61] and the plaintiffs' Rule 56(f) motion seeking to delay consideration of the defendants' joint motion for summary judgment to allow for additional discovery. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

At around 4:00 a.m. on March 23, 2006, the ten remaining defendants – all members of a tactical unit of the Horn Lake Police Department – set out to execute a search warrant issued on March 22, 2006 by a municipal judge. The warrant described the place to be searched as "6764 Allen Drive, Horn Lake, Mississippi 38637, to include any and all outbuildings on said property." The basis of the search warrant was the officers' probable cause belief that Minor Bostick was manufacturing methamphetamine in a residence and in one or more of the outbuildings at 6764 Allen Drive.

According to the defendants, William Vrooman and Scott Worsham were tasked with securing the outbuildings. Shawn May and Shannon Beshears had the task of securing the perimeter while the entry team entered the residence they believed housed Minor Bostick. According to the defendants, Darryl Whaley was not present at any time during execution of the warrant. The

remaining five officer defendants are Jason Mitchell, Robert Riggs, Kenny Free, Troy Rowell, and Brad Scott – all of whom were members of the entry team.

According to the plaintiffs, Arthur Bostick (then, approximately 81 years old), his wife Lillie Bostick (approximately 76), and Shely Downing, the daughter of the Bostick's son Minor and the Bostick's granddaughter, the entry team barged into their home instead of Minor's home next door. The Bosticks claim that the entry team rushed inside in the darkness, wearing helmets and gas masks, threw Mrs. Bostick on the ground, and pulled Mr. Bostick out of his bed and struggled with him to subdue him. Mrs. Bostick suffered a broken shoulder and Mr. Bostick suffered a broken rib and a punctured spleen. According to Mrs. Bostick's March 7, 2008 Affidavit, she thought the entry team were intruders and she "was shoved down very forcefully from behind." She states further that "[n]o one identified themselves as police officers until I was on the ground." With regard to her husband, Mrs. Bostick avers:

> As I sat in the hallway, I could see into my bedroom. My husband was on the floor and there were three officers standing around him. My husband was in hand cuffs and they were kicking him and falling down on their knees on his back. I could hear my husband begging them to stop and saying, "your [sic] going to kill me." My husband was not resisting at the time. He could not move. He was 81 years old at the time.

In Mr. Bostick's Affidavit, he does not specifically allege that he was kicked, but neither does he deny he was kicked. Rather, he states that "[w]hile lying on the floor I felt a sharp pain in my rib cage, but did not know the cause of it." Mr. Bostick admits that he "did resist until thrown on the floor because he did not identify himself and I believed that he was an intruder." He states that "I was forcefully thrown to the ground and then the individual sat on my back and put handcuffs on me."

The plaintiffs filed the instant suit on October 10, 2006 against the City of Horn Lake and

fifteen officers in their individual capacities. Though the Complaint does not clearly articulate the causes of action, it appears that the plaintiffs assert: (1) an reasonable search claim in violation of the Fourth Amendment via 42 U.S.C. § 1983 because the defendants failed to search the correct house when they knew or should have known that the other house on the property was the residence of Minor Bostick; (2) the defendants violated the plaintiffs' Fourteenth Amendment rights to due process and equal protection under the law in the unreasonable execution of the search warrant causing assault and battery; and (3) the defendants conspired to and did conduct an unreasonable search depriving the plaintiffs of their Fourteenth Amendment right to equal protection.

After considering the Complaint and the plaintiffs' briefs in this case, analytically there are two basic § 1983 claims set forth in the Complaint: (1) unreasonable search in violation of the Fourth Amendment; and (2) excessive force in violation of the Fourth Amendment.

On August 8, 2007, the court entered a Partial Final Judgment dismissing the plaintiffs' claims against four of the officers sued in their individual capacities based on qualified immunity. The court concluded that these four officers, Steve Steward, Kyle Hodge, Shea Wright, and Tim Wood, were all members of the Southhaven Police Department and were not present during the execution of the search warrant.

Currently before the court is the motion for summary judgment based on qualified immunity filed by the remaining defendants sued in their individual capacity: Darryl Whaley, Troy Rowell, Robert Riggs, Ken Free, Brad Scott, Jason Mitchell, Scott Worsham, William Vrooman, Shawn May, and Shannon Beshears.

The court notes that the remaining defendant, Alex Coker, has not been served nor has he made an appearance in this matter. The plaintiffs' claims against him, therefore, should be dismissed

3

without prejudice.

After the defendants filed their instant motion for summary judgment and before the plaintiffs filed their response, the plaintiffs filed a motion pursuant to Fed. R. Civ. P. 56(f) to stay consideration of the motion for summary judgment to allow for additional discovery.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts

are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

## 2. Qualified Immunity

The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

When applicable, "qualified immunity protects public officials from both recovery of damages and trial. As a prerequisite, a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation itself.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 291-92 (5th Cir. 2005) (internal citations omitted).

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). When "evaluating § 1983 claims based on allegedly unconstitutional conduct by state actors [courts] should conduct a two-prong inquiry to determine whether the state actors are entitled to qualified immunity. 'The first inquiry must be whether a constitutional right would have been violated on the facts alleged.' 'If a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established.' Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon*, 305 F.3d at 322-323 (citing *Siegert v. Gilley*, 500 U.S. 226, 232-34 (1991); *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

Essentially, "qualified immunity shields officers from a damage suit if they could have

reasonably believed their actions to be lawful 'in light of clearly established law and the information the [arresting] officers possessed. Even if law enforcement officials erred in concluding that probable cause existed to arrest [the plaintiff], they would be entitled to qualified immunity if their decision was reasonable, albeit mistaken. ...[T]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law." *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 435 (5th Cir. 1993) (internal citations omitted).

**3. Analysis**

a. Unreasonable Search Claim

With regard to their Fourth Amendment unreasonable search claim, the court concludes that the plaintiffs cannot meet their burden in demonstrating the inapplicability of the qualified immunity defense available to the moving defendants. The plaintiffs cannot meet the first prong of the inquiry – i.e., whether a constitutional right would have been violated on the facts alleged – simply because the subject search warrant applied to all buildings at 6764 Allen Drive, including the plaintiffs' residence. It is undisputed that both residences share that address. The plaintiffs make much ado about the officers searching the "wrong house" but whether or not Minor Bostick did, or was believed to, live in his parents' home is irrelevant given that the warrant's language "any and all outbuildings on said property" logically includes the plaintiffs' residence. Accordingly, the search was lawful as a matter of law.

b. Excessive Force Claim

As to Arthur and Lillie Bostick's Fourth Amendment excessive force claim, it is undisputed that Arthur Bostick avers in his affidavit that "[w]hile lying on the floor I felt a sharp pain in my

7

rib cage, but did not know the cause of it," and that Lillie Bostick avers in her affidavit that she saw someone kicking her husband. It is also undisputed that Mr. Bostick suffered a broken rib and ruptured spleen and that Mrs. Bostick suffered a broken shoulder. Mrs. Bostick claims that she was thrown to the ground, while the defendants deny this. The defendants also deny that anyone kicked Mr. Bostick.

The defendants seem to argue that even if the Bosticks' claims are true, neither of them have specifically identified which officer allegedly pushed Mrs. Bostick and which officer or officers allegedly kicked Mr. Bostick. This would seem difficult given that all of the officers in the entry team were wearing helmets and gas masks when they entered the Bosticks' home. Nevertheless, there is a potential genuine issue of a material fact that requires a weighing of credibility – a task the court may not undertake in a motion for summary judgment in a case set for a jury trial. After all, the plaintiffs' word is evidence as is the case with the defendants.

It seems, however, from the defendants' brief that the potential officers who the Bosticks allege injured them are confined to the officers who actually entered the house – *i.e.*, members of the initial entry team (Jason Mitchell, Robert Riggs, Kenny Free, Troy Rowell, and Brad Scott) and Shawn May and Shannon Beshears who entered the residence – while precluding William Vrooman, Scott Worsham, and Darryl Whaley who aver they never entered the plaintiffs' residence.

Accordingly, the court concludes that the determination of qualified immunity must be stayed until such time the plaintiffs are allowed to depose all of the officers who were actually inside the plaintiffs' residence. Thus, the plaintiffs' Rule 56(f) motion should be granted in this regard.

c. Shely Downing's Claims

In the plaintiffs' briefs, no mention is made of any injuries suffered by Shely Downing.

Rather, it appears that her claims center upon the argument that the search was unreasonable in violation of the Fourth Amendment. Since the court has concluded that the officers are entitled to qualified immunity on the unreasonable search claim – given the residence was included in the language of the warrant – the court concludes that Shely Downing's claims should be dismissed with prejudice.

### III. CONCLUSION

The court concludes that the remaining individual defendants' joint motion for summary judgment based on qualified immunity [61] should be granted in part and denied in part as explained above. Thus, the plaintiffs' unreasonable search claim should be dismissed with prejudice. Furthermore, the court *sua sponte* dismisses the plaintiffs' claims against Alex Coker without prejudice since he has never been served. Plaintiff Shely Downing's remaining claims should be dismissed with prejudice for failure to create a genuine issue of material fact.

The plaintiffs' Rule 56(f) motion seeking to delay consideration of the defendants' joint motion for summary judgment to allow for additional discovery should be granted so that the plaintiffs may depose Jason Mitchell, Robert Riggs, Kenny Free, Troy Rowell, Brad Scott, Shawn May, and Shannon Beshears regarding the alleged kicking of Mr. Bostick and the alleged throwing on the ground of Mrs. Bostick in support of their excessive force claim. The defendants may also depose Arthur Bostick, Lillie Bostick, and Shely Downing. Accordingly, and Order shall issue forthwith,

**THIS DAY** of April 3, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE